## IN THE SUPERIOR COURT OF GUAM

U-ONE LUDIXELL CO., LTD.,

Plaintiff,

vs.

GUAHAN ACADEMY CHARTER SCHOOL,

Defendant.

Superior Court Case No. **CV1190-19**

**DECISION AND ORDER
RE
MOTION TO DISMISS**

Defendant Guahan Academy Charter School moves to dismiss Plaintiff U-One Ludixell Co., Ltd.'s Complaint due to U-One's failure to maintain a business license on Guam. Having considered the parties' arguments and applicable law, the Court DENIES GACS's Motion to Dismiss on grounds that U-One was not required to obtain a business license.

Plaintiff U-One Ludixell Co., Ltd. filed this suit seeking to collect money from GACS. Compl. at ¶ 1 (Oct. 4, 2019). GACS allegedly contracted with Rex International, Inc. for a construction project in which Rex agreed to furnish all materials necessary to complete the project. *Id.* at ¶ 5. Rex and GACS then allegedly executed a Purchase Order purchasing the necessary materials from U-One. *Id.* at ¶ 6, Ex. 1. U-One maintains that it is a Korean corporation that shipped the materials from Korea to Guam within 90 days of the Purchase Order's execution. *Id.* at ¶¶ 3, 7, Ex. 1. It also maintains that it does not have an office on Guam and that the sale to GACS is the only transaction it has ever had with a customer on Guam. *Id.* at ¶ 7.

ORIGINAL

GACS moves to dismiss U-One's Complaint for lack of subject matter jurisdiction under Guam Rule of Civil Procedure 12(b)(1). "[A] court has no subject matter jurisdiction to hear a claim when a party lacks standing." *Benavente v. Taitano*, 2006 Guam 15 ¶ 14. "The question of standing focuses on who may bring an action." *Id.* In this case, GACS claims U-One lacks standing because it has not alleged that it has a Guam business license in its Complaint. Mot. at 2 (Dec. 6, 2019).

Under 11 GCA § 70131(b), any party "engaging in, transacting, conducting, continuing, doing, or carrying on a business on Guam without a business license...may not maintain a proceeding in any Court on Guam until it obtains a business license." *See also Benavente*, 2006 Guam 15 ¶ 20 ("standing may be predicated upon the statutory grant of such standing by the legislature").

Guam law defines "carrying on a business on Guam" as "regular employment which occupies the time, labor, or attention of the [party] on a continuing basis." 11 GCA § 70103(e). A party is not considered to be "carrying on a business on Guam" solely by doing the following:

(1) maintaining or defending any action or suit, or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes;

(2) holding meetings of the board of directors or shareholders, or carrying on other activities concerning internal corporate affairs;

(3) maintaining bank accounts;

(4) maintaining offices or agencies for the transfer, exchange and registration of the corporation's own securities, or appointing and maintaining trustees or depositaries with respect to those securities;

(5) effecting sales through independent contractors;

ORIGINAL

(6) soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where those orders require acceptance outside Guam before they become binding contracts;

(7) creating or acquiring evidences of debt or mortgages, liens or security interests in real or personal property;

(8) securing or collecting one's own debts, or enforcing mortgages and security interests in property securing one's own debts;

(9) owning, without more, real or personal property;

(10) conducting an isolated transaction that is completed within ninety (90) days, and that is not one in the course of a number of repeated transactions of a like nature; and

(11) transacting business in interstate commerce.

*Id.*

U-One argues that it does not need a Guam business license to maintain a proceeding against GACS because the extent of its business on Guam is its singular sale to GACS. Opp'n at 4 (Dec. 27, 2019). It argues that its single sale to GACS falls under exception (10) because it was a singular, isolated transaction completed within ninety days. *Id.* Any subsequent actions attempting to recover on GACS's alleged debt fall under exceptions (1), (7), and (8). *Id.* at 7.

Based on the allegations in U-One's Complaint, the Court agrees. *See Guam Mem'l Hosp. Auth. v. Superior Court*, 2012 Guam 17 ¶ 10 (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.")). Finding that U-One has alleged sufficient facts to satisfy at least one of section 70103(e)'s exceptions, the Court DENIES GACS's Motion to Dismiss for lack of subject matter jurisdiction.

ORIGINAL

SO ORDERED this 7th day of February 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

Roberts
Jackie Terlaje

Date: 2/7/20 Time: 1130

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Tim Roberts, Esq., Roberts, Fowler & Visosky LLP, for Plaintiff U-One Ludizell Co., Ltd.

Jacqueline Taitano Terlaje, Law Office of Jacqueline Taitano Terlaje, P.C., for Defendant Guahan Academy Charter School

ORIGINAL